## DUCKWORTH v. JOHNSON.

1. The plaintiff sold to the defendant a mare, which the latter was to pay for by the labor of his two sons, for four months, at sixteen dollars per month ; agreeing that if one of the boys, (whose health was delicate,) lost any time by sickness, it should be made up. Thereupon the boys entered the plaintiff's service, and six or seven days afterwards, the healthiest of the two was slightly sick at night, and the next morning he directed them to go home— saying they need not return at the price above mentioned, but one might return and work eight months—neither of them ever labored again for the plaintiff; nor did he require them to do so : *Held,* that the defendant was not in default, and that the plaintiff could not recover the price of the mare in an action of assumpsit.

Writ of Error to the Circuit Court of Bibb.

THIS was an action of assumpsit, at the suit of the defendant in error. The questions of law presented, arise upon a bill of ex-

·ceptions taken at the trial, by the defendant below. It appears that the plaintiff proved that he sold a mare to the defendant, at ·sixty-five dollars, to be delivered to Chesly Payne, and to be paid for by the defendant, *in the labor of his two sons, for four months*, *at sixteen dollars per month*. It was agreed, that as one of the boys was " puny," he was to make up the lost time, if any occurred, through sickness.

The defendant proved, that he sent his two sons to perform the labor as agreed; that they worked six or seven days, when the healthiest of the two had a slight attack of sickness, at night, and the morning after, the plaintiff told them to go home; and that they need not return again at that price. As they left, the plaintiff told one of them, that he might return and work eight months; but neither of them ever returned.

The defendant's counsel prayed the Court to charge the jury, " that if the defendant sent his boys under the contract, to perform the labor, and the plaintiff sent them home, telling them they need not return again at that price, then the defendant was not bound to send them back again till it was intimated to him by plaintiff, that he would receive them." Which charge the Court refused to give. Defendant's counsel then asked the Court to charge the jury, that if the defendant sent his two boys to plaintiff, to work out the price of the mare, agreeably to the contract, and after working six or seven days, Johnson sent them home, telling them they need not return again at that price, which was the price agreed upon by contract, that then Duckworth was not bound to send them back again, unless demanded by Johnson. This charge the Court also refused to give, but charged the jury, that defendant was bound to send them back, without any demand from Johnson, until Johnson refused to receive them, or have them, positively and peremptorily. The jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

E. W. Peck and L. Clark, for the plaintiff in error.

P. Martin and B. W. Huntington, for the defendant in error.

COLLIER, C. J.—The contract of the parties, obliged the defendant to permit his sons to work four months for the plaintiff, at sixteen dollars for each month, to be applied in payment of the mare, which the latter had sold to him. Like all other agree-

ments, it should be executed according to its legal construction, and it is incumbent upon the defendant to show a performance on his part, or a sufficient excuse for his failure.

It appeared that the defendant sent his sons to the plaintiff's house, to labor according to his undertaking; that one of them having a slight attack of sickness, at night, the plaintiff told them to go home, and that they need not return again at the price he agreed to allow for them; but that one of them could return and work eight months. This conduct was a direct refusal to receive the services of the defendant's sons on the terms stipulated and a dismissal of them from the plaintiff's employment. To do this, it was not necessary that *actual force* should have been employed; a command to cease laboring for the plaintiff, and that they need not return again, at the price fixed by the terms of the contract, furnished an ample apology for the defendant's failure to perform his undertaking. The latter need not have made another offer of his sons' services; but the plaintiff, if willing to recive them, should have given notice to the defendant. Whether, in the first instance, in order to put the defendant in default, a demand of performance should have been made of him, we need not inquire, as the sending of his sons to the plaintiff, presupposes such demand, or dispensed with it.

The offer of the plaintiff, to permit one of the boys to work for him, double the length of time both were to labor, at the price stipulated for each, was not within the contract of the parties, and without the defendant's assent, was not obligatory upon him.

It results from what has been said, that the Circuit Court should have charged the jury as prayed; its judgment is consequently reversed and the cause remanded.